UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEA SPECIALTIES CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No.  SA-14-CA-634-XR |
| | ) | |
| ERNEST DeLEON and HUFCOR, INC., | ) | |
| | ) | |
| Defendants/Counter Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| DEA SPECIALTIES CO., INC. | ) | |
| | ) | |
| Counter Defendant. | ) | |

ORDER

On this date, the Court considered the Motion to Remand (docket no. 6) filed by Plaintiff DEA Specialties Co., Inc., and the responses thereto.  After careful consideration, the Court will deny the motion.

### Procedural Background

Plaintiff DEA Specialties originally filed this lawsuit in state court on August 21, 2013 against Ernest DeLeon.  On June 5, 2014, DEA filed a Second Amended Petition in state court, adding Hufcor as a defendant.  The Second Amended Petition alleges that in March 2011, DEA and Hufcor, a manufacturer of operable walls, continued an exclusive distributorship agreement that had been in place since the year 2000, in which DEA was an exclusive distributor of Hufcor's operable wall products in 56 Texas counties.  DEA further alleges that it and Ernest DeLeon entered into an employment agreement on May 31, 2011, wherein DeLeon was employed as a sales representative and architectural representative of DEA.

DEA further alleges that in May 2013, DEA was to bid on the San Antonio Convention Center project, when Hufcor informed DEA that it "was going direct" on the project, but would give

DEA a commission if it won the project.  DEA alleges that because Hufcor failed to adhere to the terms of the exclusive distributor agreement, DEA and Hufcor terminated the exclusive distributorship. Since June 2013, DEA has been a distributor for Modernfold products, making DEA and Hufcor potential competitors on operable wall projects.

DEA alleges that, in August 2013, DeLeon terminated his employment with DEA and expressed an intent to work for Hufcor.  DEA alleges that on August 19, 2013, DEA learned that DeLeon had, during his employment with DEA, used DEA's confidential customer and bid preparation information to set up a meeting with one of DEA's prospective customers for August 27, 2013, after termination of his employment.  DEA alleges that DeLeon continues to refuse to abide by the terms of his employment and confidentiality agreements and has been using confidential and proprietary information obtained from DEA for his own benefit and for the benefit of Hufcor.  DEA also alleges that DeLeon breached his employment agreement by wrongfully withholding amounts advanced to him during his employment, and that De Leon owes DEA money for these amounts and for expenses that he failed to substantiate.  DEA sues DeLeon and Hufcor for breach of contract, negligence, gross negligence, tortious interference with prospective business relations, and fraud, and requests declaratory and injunctive relief against DeLeon.  DEA also sues DeLeon for money had and received and sues Hufcor for interfering with its employment contract with DeLeon.

Hufcor answered the Second Amended Petition on July 11, 2014, and filed a counterclaim against DEA for copyright infringement under the Copyright Act, 17 U.S.C. § 101, et seq., and for breach of contract under Texas law.  Hufcor alleges that DEA was Hufcor's distributor in central Texas until DEA voluntarily terminated its distributorship agreement with Hufcor in June 2013 and "chose to start distributing another company's products."   Hufcor alleges that DeLeon's entire product line consisted of Hufcor products, so he left DEA to work for Hufcor, prompting DEA to sue DeLeon in August 2013.  Hufcor asserts that DEA is the true wrongdoer because, since terminating its contract with Hufcor, it has continued to copy and use Hufcor's proprietary and copyrighted computer software known as "Partition Studio" to compete against Hufcor.  Hufcor therefore asserts a claim for copyright infringement under the Copyright Act, seeking over $1,000,000 in monetary relief.

Hufcor removed the case to this Court, citing 28 U.S.C. §§ 1331, 1367, 1338(a), and 1454. On August 11, 2014, Plaintiff DEA moved to remand. Defendants Hufcor and DeLeon have responded in opposition to remand.

**Analysis**

Hufcor removed this case from state court under 28 U.S.C. § 1454 based on the its copyright claim against DEA asserted in its counterclaim. Section 1454 was added to Title 28 as part of the America Invents Act. This new section created an exception to the general rules that removal jurisdiction depends on the allegations in the well-pleaded complaint and that only defendants may remove. It provides:

§ 1454. Patent, plant variety protection, and copyright cases

(a) In general.--A civil action in which *any party asserts a claim for relief arising under any Act of Congress relating to* patents, plant variety protection, or *copyrights may be removed* to the district court of the United States for the district and division embracing the place where the action is pending.

(b) Special rules.--The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this section--
   (1) *the action may be removed by any party*; and
   (2) the time limitations contained in section 1446(b) may be extended at any time for cause shown.

(c) Clarification of jurisdiction in certain cases.--The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in the civil action because the State court from which the civil action is removed did not have jurisdiction over that claim.

(d) Remand.--If a civil action is removed solely under this section, the district court--
   (1) shall remand all claims that are neither a basis for removal under subsection (a) nor within the original or supplemental jurisdiction of the district court under any Act of Congress; and
   (2) may, under the circumstances specified in section 1367(c), remand any claims within the supplemental jurisdiction of the district court under section 1367.

28 U.S.C. § 1454 (emphasis added).

Hufcor asserts that it may remove the entire case pursuant to § 1454 because it has asserted

copyright claims against DEA, and that the Court has and should exercise supplemental jurisdiction over the other claims in the case because they all arise out of the parties' distributorship agreement and are part of the same case or controversy.

DEA's motion to remand largely ignores § 1454 and instead focuses on the general rule that whether removal is permitted depends on the allegations of the plaintiff's complaint and not a counterclaim. Therefore, DEA's arguments that federal question jurisdiction is lacking because its claims do not arise under the Copyright Act miss the mark.

DEA does argue, however, that Hufcor's counterclaim does not establish a claim under the Copyright Act. Plaintiff argues that Hufcor must prove ownership of a valid copyright and copying by DEA of constituent elements of the work that are original, and that DEA actually used the copyrighted material by showing either access to the copyrighted work or that the two works are probatively similar. DEA contends that "Hufcor simply cannot show that DEA or any of DEA's agents copied the Partition Studio Software" and that the evidence will show that "[n]one of DEA's agents or employees copied or used the Partition Studio software after termination" and "such software was disabled by Hufcor upon termination." Docket no. 6 at 9-10. DEA also moves to remand under § 1441(c), § 1454(d), and § 1367(c) because "state law predominates" in this case and DEA's claims do not arise out of the same nucleus of operative facts as Hufcor's counterclaim for copyright infringement.

Hufcor alleges the following to support its copyright claim: Hufcor developed a proprietary computer software program for its business called Partition Studio, which allows it or its authorized distributors to input details regarding a prospective job and estimate labor and materials costs for the job, among other things; Hufcor is the sole owner of the copyrights in Partition Studio and has filed

copyright registration applications with the Copyright Office pertaining to Partition Studio, including providing deposit materials and paying the required fees; DEA agreed in the Distributorship Agreement that Partition Studio contains confidential and proprietary information; Hufcor has asked DEA to return its confidential property but DEA never returned its copies of Partition Studio; DEA has continued to copy and use Partition Studio in the course of preparing bids in competition with Hufcor; Hufcor has not authorized DEA to continue copying and using Partition Studio after termination of the Distributorship Agreement; DEA's continued use has been intentional and willful and has given DEA a competitive advantage and caused Hufcor harm.

Hufcor also asserts a breach-of-contract claim based on DEA's failure to return the Partition Studio software. Hufcor alleges that "DEA failed to return all copies of Partition Studio and other confidential materials as required by Paragraph 18 of the Distributorship Agreement after DEA terminated the Distributorship Agreement" and that "DEA used confidential information of Hufcor to compete against Hufcor in violation of the Distributorship Agreement."

To determine whether removal was proper, the Court must determine whether Hufcor's claims against DEA "arise under" the Copyright Act. Courts and commentators have noted that "whether a complaint asserting factually related copyright and contract claims 'arises under' the federal copyright laws . . . 'poses among the knottiest procedural problems in copyright jurisprudence.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1049 (10th Cir. 2006) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.01[A], at 12-4 (1999)). If the case really concerns only questions of contract law or disputes concerning ownership of copyrighted material, federal jurisdiction is not established just because the dispute involves a copyright. Courts have therefore adopted a test that turns on what is alleged on the face of the

complaint; under that test, a suit arises under the Copyright Act if: (1) the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement; or (2) the complaint asserts a claim requiring construction of the Act. *Image Software*, 459 F.3d at 1050; *see also Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987).

Hufcor's allegations are sufficient to allege a claim arising under the Copyright Act. Hufcor asserts a claim directly under the Copyright Act for copyright infringement and seeks a declaration of willful infringement, an injunction against continued copying and use, damages pursuant to 17 U.S.C. § 504, and attorney's fees under the Copyright Act. DEA's arguments concerning what the evidence will show go to the merits of that claim, not whether such a claim is plead sufficient to confer jurisdiction on this Court and to give Hufcor the right to remove under § 1454.

With regard to supplemental jurisdiction, Hufcor contends that all the claims in this case arise from the 2011 distributorship agreement and the events in May and June 2013, specifically DEA's decision to terminate the distributorship and the resulting disputes. A court has supplemental jurisdiction over all claims that form part of the same case or controversy as the claim over which the court has original jurisdiction. 28 U.S.C. § 1367(a). The Supreme Court has provided further guidance, holding that a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case "derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). DEA's claims against DeLeon and Hufcor arise from the distributorship agreement and the events occurring after its termination, as do Hufcor's counterclaims against DEA for breach of contract and copyright infringement. Accordingly, this Court has supplemental jurisdiction under § 1367.

Although under § 1367(c)(2) this Court may decline to exercise supplemental jurisdiction over state-law claims if the claims substantially predominate over the claim over which the court has original jurisdiction (the copyright claim), the Court finds that the other claims do not substantially predominate and that declining to exercise supplemental jurisdiction would be inappropriate at this time.  As noted by DeLeon, the remaining disputes between DeLeon and DEA do not substantially predominate over the claims between DEA and Hufcor, and the facts of all the claims are intertwined.  Remand of the state-law claims is not warranted under § 1367(c) or § 1441(c).

**Conclusion**

Hufcor has asserted a claim "arising under" the Copyright Act in its counterclaim, and § 1454 permits Hufcor to remove the entire action to this Court.  The Court will exercise its supplemental jurisdiction over the state-law claims.  Accordingly, DEA's motion to remand (docket no. 6) is DENIED.

It is so ORDERED.

SIGNED this 4th day of September, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE